# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul V. Pope and Gretchen A. Pope, Heather R. Rother f/k/a Heather R. Dougherty, Denielle A. Ledesma and Felix V. Ledesma, and Johnny Campos, | Civil No. 11-2496 (SRN/FLN) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., Selene Finance, LP, Selene RMOF REO Acquisition, LLC, and Reiter & Schiller, P.A., | |
| Defendants. | |

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth St., Suite 4100, Minneapolis, Minnesota 55402; for Plaintiffs.

Charles V. Webber and Trista M. Roy, Faegre Baker Daniels LLP, 90 South Seventh St., Suite 2200, Minneapolis, MN 55402, for Defendant Wells Fargo Bank, N.A.

Matthew H. Jones, Paul A. Weingarden, and Kevin T. Dobie, Usset, Weingarden & Liebo, PLLP, 4500 Park Glen Road, Suite 300, Minneapolis, MN 55416, for Defendants Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., Selene Finance, LP, and Selene RMOF REO Acquisition, LLC.

Ernest F. Peake and Patrick J. Lindmark, Leonard, O'Brien, Spencer, Gayle & Sayre, Ltd., 100 South Fifth St., Suite 2500, Minneapolis, MN 55402, for Defendant Mortgage Electronic Registration Systems, Inc. as to Plaintiff Johnny Campos's loan only.

Brian F. Kidwell and Rebecca F. Schiller, Reiter & Schiller, PA, 25 North Dale St., Second Floor, St. Paul, MN 55102.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Motions to Dismiss filed by all Defendants with the exception of Reiter & Schiller, P.A. [Doc. Nos. 3 & 6], a Motion for Judgment on the Pleadings filed by Reiter & Schiller [Doc. No. 56], a Motion to Remand filed by Plaintiffs [Doc. No. 44], a Motion to Recover Costs Under Fed. R. Civ. P. 41(d) filed by Defendant Wells Fargo Bank, N.A. [Doc. No. 22], and a Motion for Sanctions Under Rule 11 and 28 U.S.C. § 1927 filed by Defendant Wells Fargo Bank, N.A. [Doc. No. 49].  For the reasons stated below, the Court grants the Motions to Dismiss and Motion for Judgment on the Pleadings, denies the Motion to Remand, denies the Motion to Recover Costs and the Motion for Sanctions, and dismisses the Complaint [Docket No. 1-1] with prejudice.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The six individual Plaintiffs in this case own homes in Minnesota secured by mortgages with one of the named Defendants, either initially or by assignment.  Plaintiffs Paul and Gretchen Pope's home is in Minneapolis, and their mortgage is with Defendant Wells Fargo.  (Compl. ¶ 1.)  Plaintiff Heather Rother lives in Brooklyn Park, and took a mortgage on that home through First Magnus Financial Corporation and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS").   (Id. ¶ 2.)  Plaintiffs Denielle and Felix Ledesma own a home in Woodbury secured by a mortgage with Homeservices Lending, LLC, doing business as Edina Realty Mortgage.  (Id. ¶ 3.)  Plaintiff Johnny Campos's home is located in Burnsville and is secured by a mortgage in favor of MERS. (Id. ¶ 5.)

Plaintiffs apparently have defaulted on these mortgages and the lenders have

instituted foreclosure proceedings against them, although the Complaint does not mention this salient fact.  The Complaint [Doc. No. 1-1] contains 19 counts.  Count I contends that the bank Defendants "Are Not Holders of the Original Notes." (Compl. at 10.)  Count II contends that these bank Defendants "Are Not Holders in Due Course of the Original Notes," Count III contends that they "Are Not Real Parties in Interest," and Count IV contends that they "Do Not Have Legal Standing to Foreclose Mortgages."  (Id. at 11-12.) Count V is a "Demand to Exhibit the Original Note," and Count VI contends that the "Mortgage Not Properly Perfected."[1]  (Id. at 12-13.)  Count VII claims slander of title, Count VIII claims conversion, Count IX claims unjust enrichment, Count X claims a civil conspiracy, Count XI claims a breach of fiduciary duty, Count XII claims fraud, Count XIII claims negligent misrepresentation, Count XV claims equitable estoppel, and Count XVI claims a due process violation under the Minnesota Constitution.  (Id. at 13-22.) Count XVII claims "discharge of obligations" (id. at 23), but as with Counts I through VI above, this is not a cognizable cause of action in Minnesota and therefore will be dismissed without further discussion.  Count XVIII attempts private enforcement of Minn. Stat. §§ 357.18, 508.82, and 508A.82 through Minnesota's private attorney general statute, Minn. Stat. § 8.31, subd. 3a.  (Id. at 23-24.)  Finally, Count XIX seeks an

---

[1]  As the Honorable Ann D. Montgomery of this District recently noted, claims that defendants are not real parties in interest and that they do not have legal standing to foreclose "are not causes of action in Minnesota."  Murphy v. Aurora Loan Servs., LLC., Civ. No. 11-2750, 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012).  Claims that Defendants "are not holders of the original notes" or "are not holders in due course of the original notes" are not causes of action, nor are a "demand to exhibit original note" or "mortgage not properly perfected" causes of action under Minnesota law.  The Court will therefore dismiss these six claims without further discussion.

accounting against all the bank Defendants.  (Id. at 24-25.)

Although many of these causes of action are also brought against Reiter &
Schiller, P.A., the law firm that allegedly effectuated some of the illegal foreclosures,
only one Count is asserted against Reiter & Schiller alone.  Count XIV claims the law
firm committed fraud by "conduct[ing] false and fraudulent non-judicial foreclosures"
because the firm did not verify "that the mortgage assignee was the actual owner of
Plaintiffs' debt and/or the holder of Plaintiffs' Original Note."  (Id. ¶¶ 122-23.)  There is
no allegation that Reiter & Schiller participated in the allegedly illegal foreclosure of
Plaintiff Campos's mortgage.

At bottom, Plaintiffs' claim is that Defendants do not have valid title to the
original notes for their mortgages and therefore cannot legally foreclose on their
mortgages.  Plaintiffs' theory has been rejected by every court to consider it, including the
Minnesota Supreme Court.  Plaintiffs' counsel has brought more than 30 similar lawsuits
in this District, all alleging that defendant lending institutions had no right to foreclose on
mortgages because those lenders purportedly do not hold the original notes.  Every Judge
in this District to have ruled on the merits of these cases has dismissed them.  E.g., Olson
v. Bank of Am., Civ. No. 11-3710 (D. Minn. Apr. 20, 2012) (Magnuson, J.); Dunbar v.
Wells Fargo Bank, N.A., Civ. No. 11-3683, 2012 WL 1110161 (D. Minn. Apr. 3, 2012)
(Doty, J.); Welk v. GMAC Mortg., LLC, Civ. No. 11-2676, 2012 WL 1035433 (D. Minn.
Mar. 29, 2012) (Schiltz, J.); Jerde v. JP Morgan Chase, Civ. No. 11-2666 (D. Minn. )
(Magnuson, J.) (Jan. 24, 2012); Murphy v. Aurora Loan Servs., LLC, Civ. No. 11-2750,

2012 WL 104543 (D. Minn. Jan. 12, 2012) (Montgomery, J.); <u>Larsen v. Bank of Am.</u>,

Civ. No. 11-1775, 2011 WL 6065426 (D. Minn. July 21, 2011) (Davis, C.J.); <u>Butler v.

Bank of America</u>, N.A., Civ. No. 11-461, 2011 WL 2728321 (D. Minn. July 13, 2011)

(Frank, J.).  In addition, in most if not all of these cases, the defendants removed the case

to federal court claiming that the only non-diverse defendant was fraudulently joined, and

the plaintiffs moved to remand.  In dismissing the cases listed above, each Judge

determined that joinder of the non-diverse defendant was fraudulent and denied the

plaintiffs' remand request.

   More egregiously, as Judge Schiltz pointed out in <u>Welk</u>, Plaintiffs' counsel

engages in "brazen delay tactics and judge-shopping by voluntarily dismissing actions

only to turn around and refile them again immediately afterwards." <u>Welk</u>, 2012 WL

1035433, at * 19.  The instant lawsuit is included in the <u>Welk</u> opinion as one that was

originally filed before the Hon. Donovan W. Frank in this District, voluntarily dismissed,

re-filed in state court on the same day as the voluntary dismissal, and then removed to this

Court and assigned to the undersigned.  <u>Id.</u>  As Judge Schiltz noted, the action before

Judge Frank, <u>Rother v. Wells Fargo Bank, N.A.</u>, Civ. No. 11-1703 (DWF/JSM), involved

every Plaintiff but one named in this lawsuit: Heather Rother, Denielle and Felix

Ledesma, Paul and Gretchen Pope, and now-dismissed Plaintiffs Susan and Robert

Doran.  It is in large part because of tactics such as these that Judge Schiltz and other

Judges in this District have determined that sanctions are appropriate against Plaintiffs'

counsel.  <u>See Welk</u>, 2012 WL 1035433, at *23 (imposing $50,000 sanction against Mr.

Butler for violation of Rule 11).  Indeed, in this case, Defendant Wells Fargo seeks its

costs and fees associated with the removal of this case on grounds of forum-shopping.

Wells Fargo has also moved for sanctions.

## II.     DISCUSSION

The Court ordinarily would address a Motion to Remand before Motions to

Dismiss because "a court cannot rule on the merits of a claim before first satisfying itself

that it has jurisdiction over that claim." Welk, 2012 WL 1035433, at *3.  Here, however,

the Motion to Remand requires a ruling on Defendants' contention that the non-diverse

Defendant, Reiter & Schiller, P.A., was fraudulently joined, which in turn requires

consideration of the merits of Plaintiffs' multitude of claims. Id.  Thus, the Court must

first determine whether any of Plaintiffs' claims have merit.

## A.     Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the

facts in the Amended Complaint to be true and construes all reasonable inferences from

those facts in the light most favorable to Plaintiff.  Morton v. Becker, 793 F.2d 185, 187

(8th Cir. 1986).  However, the Court need not accept as true wholly conclusory

allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions Plaintiff draws from the facts pled.  Westcott v. City of

Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

545 (2007).  Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative

level."  Id. at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements,"

will not pass muster under Twombly.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(citing Twombly, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise

a reasonable expectation that discovery will reveal evidence of [the claim]."  Twombly,

550 U.S. at 556.

## B.    The Claims

Plaintiffs' argument is that Defendants do not own the notes for Plaintiffs'

mortgages and thus cannot foreclose on those mortgages.  But there is no legal foundation

for this argument.  The Minnesota Supreme Court has explicitly held that "[Minnesota]

case law establishes that a party can hold legal title to the security instrument without

holding an interest in the promissory note."  Jackson v. Mortg. Elec. Reg. Sys., Inc., 770

N.W.2d 487, 500 (Minn. 2009).  Moreover, the Eighth Circuit considered and rejected the

argument that one who does not hold the note cannot foreclose under Minnesota law:

"the right to enforce a mortgage through foreclosure by advertisement lies with the legal,

rather than equitable, holder of the mortgage."  Stein v. Chase Home Finance, LLC, 662

F.3d 976, 980 (8th Cir. 2011).  The legal holder of a mortgage is the holder of the

mortgage itself; the holder of the note is the equitable holder of the mortgage.  Thus, it is

irrelevant whether Defendants can establish that they hold the notes; there is no dispute

that Defendants hold the mortgage instruments and are therefore entitled to foreclose on

Plaintiffs' properties.  Plaintiffs' insistence to the contrary is without merit.

Absent some legal support for the argument that Defendants are not entitled to foreclose on their mortgages because they do not hold the original notes, Plaintiffs' claims for slander of title, conversion, unjust enrichment, civil conspiracy, breach of fiduciary duty, fraud, negligent misrepresentation, equitable estoppel, due process, and for an accounting must be dismissed.

Count XVIII raises a qui-tam like action against Defendants, contending that Minn. Stat. §§ 357.18, 508.82, and 508A.82 require the payment of fees for the recording of transfers of mortgage loans and that, by allegedly failing to "execute assignments of the Mortgage and . . . not record[ing] the transfers of the mortgage loans, Minnesota counties and Minnesota citizens were deprived of thousands of dollars of recording fees due" under these statutes.  Plaintiffs seek to enforce the statutes through Minnesota's private attorney general statute, Minn. Stat. § 8.31, subd. 3a.

The entire text of the private attorney general statute, however, makes clear that the statute does not apply to any of the statutory provisions that Plaintiffs attempt to enforce.  The private attorney general statute allows a person "injured by a violation of any of the laws referred to in subdivision 1" to "bring a civil action and recover damages . . . ."  Minn. Stat. § 8.31, subd. 3a.  The "laws referred to in subdivision 1" are:

> the Nonprofit Corporation Act (sections 317A.001 to 317A.909), the Act Against Unfair Discrimination and Competition (sections 325D.01 to 325D.07), the Unlawful Trade Practices Act (sections 325D.09 to 325D.16), the Antitrust Act (sections 325D.49 to 325D.66), section 325F.67 and other laws against false or fraudulent advertising, the antidiscrimination acts contained in section 325D.67, the act against monopolization of food

> products (section 325D.68), the act regulating telephone advertising
> services (section 325E.39), the Prevention of Consumer Fraud Act (sections
> 325F.68 to 325F.70), and chapter 53A regulating currency exchanges . . . .

Minn. Stat.§ 8.31, subd. 1.  None of the statutes to which Plaintiffs' Complaint refers are

mentioned in subdivision 1.  Nor are these statutes laws "respecting unfair,

discriminatory, or other unlawful practices in business, commerce, or trade."  Rather, the

statutes Plaintiffs attempt to enforce are statutes setting fees for the county recorder

(§ 357.18) and the registrar of title (§§ 508.82, 508A.82).  None of these statutes is

enforceable under the private attorney general statute, and Count XVIII must be

dismissed.

      None of Plaintiffs' claims against the bank Defendants has any merit whatsoever.

Plaintiffs' Complaint therefore fails to state a claim on which relief can be granted.

## C.     Motion to Remand

      The Court cannot dismiss this case unless it has jurisdiction over the claims in the

first instance.  Plaintiffs have moved to remand the action, contending that the Court lacks

diversity jurisdiction because one of the Defendants, Reiter & Schiller, is a Minnesota

resident as are all Plaintiffs.  Defendants argue that Reiter & Schiller was fraudulently

joined so that the Court may dismiss the law firm from the action and exercise

jurisdiction over the Complaint.  Plaintiffs also argue that the doctrine of prior exclusive

jurisdiction means that this Court lacks jurisdiction where, as here, the state court first

assumed jurisdiction over the matter.

### 1.     Fraudulent Joinder

Fraudulent joinder occurs when a plaintiff files "a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003).  Every Court in this District to have considered the situation presented here has concluded that "there is no reasonable basis in fact and law supporting a claim against the resident defendants."  Id. at 810; see also Welk, 2012 WL 1035433, at *15 (finding that, because plaintiffs' "show-me-the-note theory . . . is completely frivolous . . . there exists 'no reasonable basis in fact and law' for plaintiffs to assert any claim premised on the show-me-the-note theory against" the non-diverse law firm).

Plaintiffs' claims against the law firm are that the law firm had a duty to ensure that its clients were actually entitled to foreclose on Plaintiffs' homes and that it misrepresented the legal standing of its clients to foreclose.  But there is no basis in fact or law to infer any legal duty between the law firm and Plaintiffs here.  Moreover, attorneys are generally immune from actions taken within the scope of the employment relationship unless those actions amount to "active steps" to conceal a fraud.  L&H Airco, Inc. v. Rapistan Corp., 446 N.W.2d 372, 380 (Minn. 1989).  No such active steps are alleged here, nor have Plaintiffs succeeded in pleading fraud in the first instance.

Finally, as discussed above, Plaintiffs' claims against the law firm fail because their claims against all Defendants fail.  Defendants were entitled to foreclose and Reiter & Schiller's actions taken in furtherance of the valid foreclosures were not illegal or tortious.  Thus, there is no reasonable basis supporting a claim against Reiter & Schiller. The law firm's Motion for Judgment on the Pleadings must therefore be granted, and

Reiter & Schiller must be dismissed as fraudulently joined.

### 2.     Prior Exclusive Jurisdiction

"The prior exclusive jurisdiction doctrine holds that 'when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*.'" Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting Marshall v. Marshall, 547 U.S. 293, 311 (2006)).  Plaintiffs argue that, by filing state-court actions to evict three Plaintiffs—Pope, Rother, and Doran—Defendants invoked state-court jurisdiction over those three properties and this Court cannot also take jurisdiction over the same properties.  But Plaintiffs concede that the eviction actions were commenced after this lawsuit was removed to this Court, and thus if any court acquired jurisdiction first, this Court did.  Moreover, contrary to Plaintiffs' argument, an eviction action is *in personam*, not *in rem*, seeking an order against an individual to vacate the property.  Whether the eviction actions are pending, they have no bearing on Plaintiffs' claims here, which seek to stop a foreclosure and quiet title, something that is not at issue in an eviction proceeding.  And as Judge Doty recently noted, "even if the state were exercising ongoing *in rem* jurisdiction in the present action, Congress expressly allows removal of actions where goods or an estate have come under the control of the state court." Dunbar, 2012 WL 1110161, at *4 (citing 28 U.S.C. § 1450). Plaintiffs' arguments are without merit and the doctrine of prior exclusive jurisdiction does not apply.  Accordingly, the Motion to Remand must be denied.

### D.     Motions for Costs and for Sanctions

Defendant Wells Fargo moves to recover costs pursuant to Fed. R. Civ. P. 41(d)

and for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927.  Under Fed. R. Civ. P. 41(d),

"[i]f a plaintiff who previously dismissed an action in any court files an action based on

or including the same claim against the same defendant," the court may order the plaintiff

to pay all or part of the costs of the previous action, or stay the proceedings until the

plaintiff has complied.  Fed. R. Civ. P. 41(d).  Sanctions may also be imposed pursuant to

Fed. R. Civ. P. 11 for violations of Rule 11(b), which concerns attorneys' representations

to the Court.   The payment of attorneys' fees and costs may also be imposed pursuant to

28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the
> United States or any Territory thereof who so multiplies the proceedings in
> any case unreasonably and vexatiously may be required by the court to
> satisfy personally the excess costs, expenses, and attorneys' fees reasonably
> incurred because of such conduct.

28 U.S.C. § 1927.

Application of Rule 41(d) is permissive in nature. See Fed. R. Civ. P. 41(d).

Likewise, application of Rule 11 is discretionary, and is part of the Court's inherent

power to sanction bad-faith conduct.   Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

Awards of fees and costs under 28 U.S.C. § 1927 are also discretionary.  Powell v.

National Football League, 139 F.R.D. 381, 383 (D. Minn. 1991).  In its discretion, the

Court here declines to award attorneys' fees, costs and sanctions.  Defendant Wells

Fargo's motions requesting such awards are therefore denied.

**E.     Conclusion**

Plaintiffs' allegations do not state a claim on which relief may be granted.  The

Complaint will be dismissed with prejudice.

## III.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Defendants' Motions to Dismiss [Doc. Nos. 3 & 6] are **GRANTED**;

2.   Plaintiffs' Motion to Remand [Doc. No. 44] is **DENIED**;

3.   Defendant Reiter & Schiller's Motion for Judgment on the Pleadings [Doc. No. 56] is **GRANTED**;

4.   Defendant Wells Fargo's Motion to Recover Costs Under Fed. R. Civ. P. 41(d) [Doc. No. 22] is **DENIED**; and

5.   Defendant Wells Fargo's Motion for Sanctions Under Rule 11 and 28 U.S.C. § 1927 [Doc. No. 49] is **DENIED**;

6.   The Complaint [Doc. No. 1-1] is **DISMISSED WITH PREJUDICE**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 23,  2012                    s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Judge